a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EVERETTE HILL #372120,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-06113<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| USA,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Everette Hill ("Hill"). Hill is incarcerated at the United States Penitentiary in Pollock, Louisiana. He claims that he was improperly sentenced in the United States District Court for the Middle District of Georgia.

Because the Court lacks jurisdiction over Hill's claims, the Petition (ECF No. 6) should be DISMISSED.

A. Background

Hill was indicted on 60 counts crimes related to the distribution of drugs, the wrongful possession of firearms, and the maintenance of a premises for drug purposes. *United States v. Hill*, 5:17-CR-00022 (M.D. Ga.), ECF No. 249. He pleaded guilty to one count of distribution of heroin under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. *Id.* at ECF Nos. 382, 383. Hill admitted that he aided and abetted a codefendant in the sale of heroin to a confidential informant. *Id.*

1

On December 12, 2018, Hill was sentenced to 210 months of imprisonment to run consecutively to a sentence Hill was serving in Baldwin County, Georgia. *Id.* at ECF No. 638. The 210-month sentence was based largely on Hill's status as a "career offender" under the Sentencing Guidelines. *Id.* at ECF No. 633, pp. 14, 28. The sentencing court found that Hill had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.*; U.S.S.G. § 4B1.1(a). In a post-sentencing Order denying a motion to correct the presentence report, the sentencing judge explained that Hill had at least three qualifying convictions, including two Georgia convictions for felony obstruction of a law enforcement officer. *See id.* at ECF No. 633, pp. 19, 22; No. 750, p. 2, n.1.

Hill's attorney filed an appeal. *See United States v. Hill*, No. 19-10024 (11th Cir. 6/10/19). While the appeal was pending, Hill filed a pro se Motion to Vacate under 28 U.S.C. § 2255. *Hill*, 5:17-CR-00022, ECF No. 650. The court dismissed the motion without prejudice because a motion to vacate cannot be entertained during the pendency of a direct appeal. *Id.* at ECF No. 667. Shortly thereafter, Hill voluntarily dismissed his appeal in the Eleventh Circuit. *Id.* at ECF No. 669.

Hill then filed a Motion to Reduce Sentence, which was denied. *Id.* at ECF No. 691. He also filed motions for jail credit, which were denied as unexhausted and for lack of jurisdiction. *Id.* at ECF No. 681, 692, 693, 712.

Hill filed a Motion to Vacate on January 31, 2022, arguing that his prior conviction for obstruction of a law enforcement officer should not count as a "crime of

2

violence" under the Sentencing Guidelines. *Id.* at ECF No. 751. The motion was denied and dismissed as untimely because it was filed more than one year after the conviction and sentence became final. *Id.* at ECF Nos. 775, 780-81.

In his § 2241 Petition, Hill again challenges the career offender enhancement under the sentencing guidelines, asserting that one of the underlying convictions was "not a serious drug crime." ECF No. 6 at 2.

II. <u>Law and Analysis</u>

A writ of habeas corpus under § 2241 and a motion to vacate a sentence under § 2255 are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). The former "attacks the manner in which a sentence is carried out" and must be filed in the district where the defendant is incarcerated. The latter provides a means for collaterally attacking the validity of a conviction or sentence and must be filed in the sentencing court. *Id.* at 451–52. Because Hill challenges the application of the career offender sentencing enhancement, an alleged error that occurred at sentencing, a § 2255 motion is the proper vehicle for this challenge. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1114 (5th Cir. 1990).

However, a petitioner may use § 2241 to challenge the validity of his sentence if he can satisfy the § 2255(e) savings clause, which requires the petitioner to show that the remedy provided for under § 2255 is "inadequate or ineffective." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The petitioner bears the burden of establishing that § 2255's savings clause should apply. *Id.* To do so,

3

the petitioner must show both that his claim is: (1) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904.

Hill cannot proceed with his § 2241 petition because he fails to make the first showing. Hill does not base his challenge to the career offender sentencing enhancement on any retroactively applicable Supreme Court decision.

Additionally, the United States Court of Appeals for the Fifth Circuit has repeatedly held that challenges to the validity of a sentencing enhancement do not meet the requirements of the savings clause of § 2255(e). *See Reyes-Requena v. U.S.*, 243 F.3d 893, 902–03 (5th Cir. 2001); *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (per curiam) ("[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); *Glover v. Tamez*, 426 F. App'x 342 (5th Cir. 2011) (per curiam) (unpublished disposition) (stating that "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241"); *Padilla v. U.S.*, 416 F.3d 424, 427 (5th Cir. 2005) ("Thus, because Padilla does not attack his conviction and his claims challenge only the validity of his sentence, Padilla's § 2241 petition does not fall within the savings clause of § 2255.").

### III. Conclusion

Because Hill cannot meet the requirements of the savings clause, IT IS RECOMMENDED that his § 2241 Petition be DISMISSED for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, April 27, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE